UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **DARREL TREMAINE CARTER** | **CIVIL ACTION NO. 2:10-cv-1296** |
| **VS.** | **SECTION P** |
| | **JUDGE MINALDI** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* petition for writ of *habeas corpus* filed by Darrel Tremaine Carter pursuant to 28 U.S.C. § 2241 on August 4, 2010. At the time of filing, the petitioner, was an inmate in the custody of the Department of Corrections of the State of Louisiana and was incarcerated at the Calcasieu Correctional Center (CCC), in Lake Charles, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the matter be **DISMISSED WITHOUT PREJUDICE.**

### *Statement of the Case*

Based on the documents filed by petitioner, it appears that on or about September 25, 2007, he pled no contest to a DWI charge and was sentenced to five years probation. On or about September 23, 2009, petitioner appeared in court for a probation violation (another DWI) and was placed into custody. Thereafter, on or about June 23, 2010, he was sentenced in the 14th Judicial District Court whereupon his probation was revoked.

In this habeas action, petitioner claims that he was wrongfully led into pleading no contest based on information that he would be released within a couple of months and that some of the charges would be dropped. Instead, he was sentenced to serve the five years probation.

*Law and Analysis*

Information on the vine link website confirms that petitioner was paroled from CCC on May 9, 2011. (See, http://www.vinelink.com). Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 Fed. Appx. 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir.1969); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir.1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted).

The main thrust of the current petition was for petitioner to be released from confinement. Because petitioner was released this court can no longer provide him with that relief.

*Conclusion and Recommendation*

Petitioner's main objective in bringing this habeas action was release from confinement. Since petitioner was released from incarceration, there is no longer a case or controversy to litigate. Therefore, his habeas claims are moot.

Accordingly, it is respectfully **RECOMMENDED**

That petitioner's habeas claims be **DISMISSED** as moot.

2

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE this 23rd day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE